IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EZRA BRADY                                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 4:08-cv-000102-WAP-DAS

GEORGIA-PACIFIC CORPORATION                                                     DEFENDANT

ORDER GRANTING MOTION TO COMPEL

Before the court are the defendant's motion to compel discovery [doc. 31] and supporting memorandum [doc. 32], the plaintiff's response [doc. 38], and the defendant's reply brief [doc. 43]. The defendant seeks an order compelling the plaintiff to produce signed, written responses and documents that are responsive to requests for documents served over four months ago. The plaintiff only opposes the motion with respect to two issues, disclosure of documents related to any attorney fee arrangement and the award of attorney fees as a sanction.

Regarding production of documents related to an attorney fee arrangement, the plaintiff objected in unsigned responses on the ground of attorney-client privilege. As the defendant points out, the Fifth Circuit has ruled that "as a general rule . . . fee arrangements are not protected as privileged." *In re Grand Jury Subpoena For Attorney Representing Criminal Defendant, etc.*, 926 F.2d 1423, 1431 (5th Cir. 1991). A narrow exception is recognized, however, when revealing the fee arrangement would itself reveal a confidential communication. *Id.* In this case, the plaintiff has made no allegation that production of the requested documents would reveal any such communications. Additionally, in his response to the motion to compel, the plaintiff argues that the fee arrangement is not relevant to any issue in this case. The court

1

finds the plaintiff waived this objection by failing to timely assert it. Nevertheless, the court agrees with the defendant that the plaintiff put attorney fees in issue by pleading them as damages in the complaint, and the fee arrangement is relevant to this issue.

With respect to attorney fees and expenses as a sanction, the plaintiff essentially argues that an award is unwarranted because the failure to make disclosures and cooperate in discovery was not the result of contumacious conduct. However, Rule 37 contains no requirement of contumacious conduct for an award of expenses. For a period of over four months, the plaintiff failed to provide signed responses and documents responsive to requests to which he interposed no objections in the face of repeated requests from opposing counsel. The only excuse now offered to the court is that the plaintiff's attorney was "too busy." Accordingly, pursuant to Rule 37, the court finds that the plaintiff's counsel's conduct necessitated the filing of the instant motion, and there is no circumstance that would make an award of fees and expenses unjust.

**THEREFORE, IT IS ORDERED**:

1. That the defendant's motion to compel is hereby **GRANTED**.

2. That if he has not already done so, the plaintiff shall within five (5) days of this date:

    a) produce a signed copy of his responses to Georgia-Pacific's document requests;

    b) produce the documents addressed in Georgia-Pacific's motion to compel; and

    c) provide a description indicating which documents produced by the plaintiff are responsive to each of Georgia-Pacific's document requests.

3. That the defendant is hereby awarded, as against the plaintiff's attorney, reasonable attorney fees and expenses incurred in prosecuting the motion to compel. And, within five (5) days of this date, defense counsel shall file an affidavit and itemization of such fees and

expenses. The plaintiff shall have five (5) days from the filing of counsel's affidavit and itemization to file any response.

**SO ORDERED** this 29th day of April, 2009.

/s/ David A. Sanders
U. S. MAGISTRATE JUDGE