IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EZRA BRADY

VS.                                                    CIVIL ACTION NO. 4:08CV102-WAP-DAS

GEORGIA PACIFIC CORPORATION

## ORDER

This matter is before the court on motion of the defendant for attorney's fees and

expenses (# 48).  The defendant filed a motion to compel in the present matter, and on April 29,

this court granted that motion.  Along with granting the motion, the court ordered defense

counsel to submit an affidavit and itemization of fees and expenses incurred in making the

motion.  The defendant has submitted the information, and plaintiff's counsel has objected,

arguing that the $9,775.00 is excessive.  The court agrees the amount is excessive and finds as

follows:

In determining the appropriate amount of attorney's fees to award, the court applies the

"lodestar" method of computation.  The "lodestar" is computed multiplying the number of hours

reasonably expended by the prevailing hourly rate in the community for similar work. The court

then adjusts the lodestar upward or downward depending on the respective weights of the twelve

factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th

Cir.1974).  *Longden v. Sunderman*, 979 F.2d 1095, 1099 (5th Cir.1992). The twelve Johnson

factors are as follows:

(1) the time and labor required;
(2) the novelty and difficulty of the questions involved;
(3) the skill required to perform the legal service properly;

(4) the preclusion of other employment by the attorney due to the acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) the time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and the length of the professional relationship with the client;

(12) awards in similar cases.

*Johnson*, 488 F.2d at 717-719. Even though the Johnson factors must be addressed to ensure that the resulting fee is reasonable, not every factor need be necessarily considered. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 331 (5th Cir.1995); *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir.1993) ("rarely are all the Johnson factors applicable ...") (quoting *Brown v. Phillips Petrol. Co.*, 838 F.2d 451, 456 (10th Cir.1988)).

In the present case, the requested attorneys' fees are:

Seth Ford - 15 hours at $345 per hour or $5,175

Sarah Pentz Bottini - 20 hours at $230 per hour $4,600

As mentioned, one of the Johnson factors is "the customary fee." While defense counsel submitted $345 and $230 per hour, such hourly rates are those charged in Atlanta, Georgia. However, the "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998)). While defense counsel did not provide information related to the local rate, this court awards $225 per hour for partners and $175 per hour for associates in cases similar to the present one. Accordingly, the fees calculated at that rate would be:

Seth Ford - 15 hours at $225 per hour or $3,375

Sarah Pentz Bottini - 20 hours at $175 per hour or $3,500

The court now looks to the time and labor required. While the motion was very well written and exhaustively researched, the issue was a straightforward one – plaintiff's counsel simply would not respond to discovery requests. Moreover, once the defendant filed its nineteen-page brief in support of the motion to compel, plaintiff's counsel all but conceded the motion. Regardless, defense counsel submitted 10.7 hours at $345/hour or $3,691.50 for drafting and filing a reply. Both the time presented and labor required are excessive. For instance, Ms. Bottini submitted 8.3 hours drafting the motion and 9.7 hours revising it. While the court finds 8.3 hours could be seen as excessive for a motion to compel, the experience, reputation, and ability of the attorney drafting the motion are excellent. Consequently, the court will allow the 8.3 hours drafting but only 3 hours to revise the motion. After removing 6.7 hours from Ms. Bottini's submission, her fee allowed will be $175 per hour for 13.3 hours or $2,327.50.

Mr. Ford submitted 15 hours at $345 per hour. As mentioned 10.7 hours of that time was allotted to researching, drafting, and revising a reply brief to a one-page response that essentially conceded the initial motion. Consequently, the court will allow only 3 hours to reply to such a response. Additionally, Mr. Ford submitted 2.1 hours for reviewing and revising the initial motion drafted by Ms. Bottini who likewise submitted a bill for 9.7 hours revising it. The court simply will not allow 11.8 hours billed for revising a motion to compel. Because the court allowed Ms. Bottini 3 hours to revise the motion, the court will not allow additional time. Accordingly, the court will remove 9.8 hours from Mr. Ford's submitted 15 hours, allowing 5.2 hours at $225 per hour or $1,170. The total allowed, therefore, will be $3,497.50.

IT IS, THEREFORE, ORDERED that the defendants' motion for attorney's fees and

expenses (# 48) is GRANTED IN PART AND DENIED IN PART.  The defendant is entitled to

recover from the plaintiff reasonable attorney's fees and costs in the total amount of $3,497.50.

SO ORDERED, this the 22nd day of May 2009.


/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE